## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Paulonne Barthelemy, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br><br><br><br><br>　　　-v.-<br><br>Convergent Outsourcing, Inc.,<br><br>　　　　　　　　　　Defendant(s). | Civil Action No: 2:21-cv-4406<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Paulonne Barthelemy, (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Convergent Outsourcing, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.　　Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Nassau.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service of process at C T Corporation System, 28 Liberty St., New York, New York, 10005.

9.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.      The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. listing a charge for Equipment without stating that the equipment can be returned;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.      The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.      Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e and l692f et seq.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e and l692f et seq.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Defendant Convergent Outsourcing, Inc. is one of America's leading collection agencies with offices across the country. Defendant specializes in receivables management and operates as a third-party debt collector.

21.     As a debt collection agency, Defendant collects and attempts to collect outstanding debts and unpaid bills.

22.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

23.     Some time prior to March 15, 2021, on a date better known by Defendant, upon information and belief, an obligation was incurred by Plaintiff to the original creditor, Optimum. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically internet and telecommunications services.

24.     Optimum is a "creditor" as defined by 15 U.S.C. § 1692a (4).

25.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

26.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

27.     Upon information and belief, Optimum contracted Defendant for the purpose of debt collection.

### *Violation – March 15, 2021 Collection Letter*

28.     On or about March 15, 2021, the Defendant sent the Plaintiff a collection letter regarding the subject debt. (See "Letter" at Exhibit A.)

6

29.     In the Letter, Defendant attempts to collect a total balance of $287.46, which includes $182.50 of "Equipment Cost".

30.     The Letter says nothing further about the nature of the equipment cost or any alternative means of satisfying the equipment cost.

31.     Upon information and belief, if Plaintiff would return the equipment which forms the basis of the charge, the balance would be reduced significantly due to a credit for the returned equipment.

32.     Defendant's Letter makes no mention at all of this possibility.

33.     It is deceptive to list a charge for equipment and not to make any mention of the possibility of reducing the charge significantly (or completely) by simply returning the equipment.

34.     By listing an Equipment Balance and not stating the plain and simple way in which Plaintiff can remedy this Balance, Defendant has deceptively misled Plaintiff by implying that the Equipment Balance is fixed and cannot be remedied or mitigated.

35.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

36.     Defendant's collection efforts with respect to the subject debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

37.     Moreover, the subject total debt continued to accrue interest and fees, which continue to burden Plaintiff with additional fees that could have been avoided.

38.     Plaintiff could have avoided these additional amounts as well as mitigated the total debt owed by merely returning the equipment - had she known that such an option was available.

39.     Generally, these representations or omissions are material because they are likely to affect a consumer's choice or conduct regarding how to respond to an allegedly outstanding debt claim and are likely to mislead consumers acting reasonably under the circumstances.

40.     Specifically, Defendant's careless, deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff was not made aware that she had a simple way to avoid a significant amount of debt - by merely returning the equipment.

41.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

42.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

43.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

44.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

45.     Now, consumers have a right to receive proper notice of their debts. When a debt collector fails to effectively inform the consumer of how much they owe or how to satisfy their debt, in violation of statutory law, the debt collector has harmed the consumer.

46.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides

Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

47.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

48.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51.     Defendant violated §1692e:

   a.   As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b.   By making a false and misleading representation in violation of §1692e(10).

52.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

53.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

55.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

56.     Defendant violated this section by omitting a simple way in which Plaintiff can remedy or mitigate the Equipment Balance stated in their letter.

57.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

58.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

10

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Paulonne Barthelemy, individually and on behalf of all others similarly situated, demands judgment from Defendant Convergent Outsourcing, Inc. as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: August 5, 2021                                      Respectfully Submitted,

                                                         **STEIN SAKS, PLLC**
                                                         **/s/ Tamir Saland**
                                                         Tamir Saland, Esq.
                                                         One University Plaza, Ste. 620
                                                         Hackensack, NJ 07601
                                                         Ph:  201-282-6500
                                                         Fax: 201-282-6501
                                                         tsaland@steinsakslegal.com
                                                         *Counsel for Plaintiff*

11